UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF ALL FUNDS ON DEPOSIT IN ROCKLAND TRUST ACCOUNT NUMBER XXXX5384, HELD IN THE NAME OF JOHN GEORGE FARMS | No. 15-MJ-1136-DLC |

**ORDER ON DEFENDANT'S MOTION TO UNSEAL CASE FOR COURT REVIEW**
**(Dkt. No. 6)**

CABELL, U.S.M.J.

John George Junior ("George") was convicted in federal court on charges of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, and embezzlement, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2. (*United States v. John George, Jr.,* 14-CR-10237-DJC). At his September 2015 sentencing the sentencing court issued among other things an Order of Forfeiture in the amount of $1,382,214.00. (Dkt. No. 154-1). In December 2015, and in order to effect the Order of Forfeiture, the government asked this Court to issue several seizure warrants on the ground that the accounts or items to be seized held funds which represented property that constituted or was derived from proceeds traceable to the offenses of conviction. The defendant's motion relates to two of the warrants, issued under seal, bearing the docket numbers 15-MJ-1136-DLC and 15-MJ-1137-DLC. The government subsequently moved to unseal each warrant along with the warrant return and inventory, but chose not to unseal the warrant application or underlying affidavit. The defendant moves: (1) that the warrant papers be unsealed; (2) that the seizure warrants be vacated; and (3) that all forfeiture proceedings be stayed.[1]

---

[1] As the government's opposition makes plain, the government sought and obtained at least 23 seizure warrants in connection with this matter, on various dates during December 2015. The defendant's motion is specifically directed at just two of those warrants. The Court presumes that the defendant's decision to focus on just these two warrants is deliberate, and accordingly narrows its consideration to just those warrants. That being said, given the

After consideration of the defendant's motion and the government's opposition, the motion will be denied.

First, with respect to the request to unseal each warrant application and affidavit, the government asserts that the documents contain sensitive investigatory information relating to assets that were seized as well as some that were not, and argues that keeping the papers sealed is necessary to prevent the defendant from attempting to dissipate the remaining assets. The government's concern is not patently unreasonable and George has not articulated a compelling reason to reject it here. Moreover, the Court presumes that the government ultimately will provide the defendant with unsealed copies of these documents prior to the actual forfeiture proceedings. For these reasons, the Court denies the request to unseal the application and affidavit for either warrant.

Next, the defendant has failed to provide a compelling reason or legal basis to vacate the warrants. The warrants were issued following a finding by this Court that the government had submitted evidence establishing probable cause to believe that the accounts at issue were subject to forfeiture. *See* 21 U.S.C. § 853(F) (setting forth standard for obtaining seizure warrant, which is made applicable to this proceeding by 28 U.S.C. § 2461). The Court's probable cause determination took into account the fact that the district judge in the underlying criminal matter had already entered a verdict that set the forfeiture to be paid by George at $1,382,241.00 and authorized the forfeiture of substitute assets. Further, the Court has re-reviewed the warrant requests in light of the defendant's motion and concludes anew that the seizure warrants were supported by probable cause. To the extent the defendant's motion is read to argue implicitly that the district court's Order of Forfeiture was improper, the Court agrees with the government that it would lack jurisdiction to reconsider any component of the verdict in the underlying criminal case, including the forfeiture order, where the matter has been appealed to the First Circuit. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court

---

similar posture of all of the warrants, the Court's treatment of the two referenced motions would most likely apply with equal force to a similar challenge to any of the other warrants.

of its control over those aspects of the case involved in the appeal."); *United States v. Wells,* 766 F.2d 12, 19 (1st Cir. 1985) (noting that "[o]nce defendant appealed his narcotics conviction, the district court lost its jurisdiction over the case and did not regain jurisdiction until [the First Circuit] issued its mandate of affirmance").

Finally, this Court lacks authority to stay the District Judge's Order of Forfeiture in the absence of a referral of the matter by the district judge.  *See* 28 U.S.C. § 636.

Accordingly, the defendant's motion is DENIED.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  July 15, 2016